UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KATHERINE JOHNSON, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-411-JHR |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant* | ) | |

*MEMORANDUM DECISION*[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff challenges the administrative law judge's assessment of her credibility.[2] I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD only through September 30, 2012,

---

[1] This action is properly brought under 42 U.S.C. §§ 406(g) and 1383(c). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 12, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 13.

[2] In the body of her opposition to the plaintiff's itemized statement, the defendant stated that oral argument was "unnecessary" in this case. Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 14) at 1. The plaintiff's attorney was not willing to waive oral argument, and I proceeded with it.

1

Finding 1, Record at 13; that she suffered from degenerative disc disease, fibromyalgia, and obesity, impairments that were not severe, Findings 2-3, *id*.; that, even if one or more of these impairments were severe, the plaintiff would retain the residual functional capacity ("RFC") to perform light work, except that she could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and never climb ladders, ropes, or scaffolds, Finding 5, *id.* at 17; that she was capable of performing past relevant work as a cashier II, Finding 6, *id*.; and that, on either basis, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset, November 26, 2010, through the date of the decision, May 2, 2013, Finding 7, *id*. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1982).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The plaintiff's statement of errors implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which

would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

In an alternative ruling, the administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I.     Discussion

The plaintiff challenges the administrative law judge's assessment of her credibility. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 11) at 3-6. Specifically, she asserts that the administrative law judge "failed to properly consider and apply the Johnson decision, which, for all practical purposes, creates a presumption regarding fibromyalgia." *Id.* at 5. This is a reference to the First Circuit's decision in *Johnson v. Astrue*, 597 F.3d 409 (1st Cir. 2010), from which she quotes the following partial sentence: "[O]nce the ALJ accepted the diagnosis of fibromyalgia, she also *had no choice* but to conclude that the claimant suffer[ed] from the symptoms usually associated with [such condition]." 597 F.3d at 414 (citation and internal question marks omitted; emphasis in original).[3]

---

[3] This court has repeatedly rejected the argument that *Johnson* requires an administrative law judge to adopt all of a claimant's testimony about the effects of fibromyalgia once he or she finds fibromyalgia to be a severe impairment. *E.g., Poulin v. Colvin*, No. 2:14-cv-102-DBH, 2015 WL 1809194, at *4 (D. Me. Apr. 21, 2015); *Grivois v. Colvin*,

3

The administrative law judge in this case found that the plaintiff suffered from fibromyalgia, Record at 13, and the plaintiff testified that she suffered pain in the several locations and under the circumstances listed in her itemized statement. *Id*. at 32-33, 35, 38-42. She contends that Social Security Ruling 96-7p requires the administrative law judge to assess her credibility under these circumstances and, because he did not do so in this case, remand is required. Itemized Statement at 5-6.

Ordinarily, the only question at Step 2 of the sequential analysis is whether the impairment or impairments found to exist are severe, that is, whether they significantly limit the applicant's ability to perform basic work activities and will do so continuously for a period of at least 12 months, 20 C.F.R. §§ 404.1521, 416.921; 404.1509, 416.909. This court has repeatedly held that a claimant's credibility is not an issue at Step 2. *E.g., Giltner v. Astrue*, No. 06-131-B-W, 2007 WL 2021916, at *3 (D. Me. July 11, 2007); *Colson v. Barnhart*, No. 02-108-B, 2003 WL 1092745, at *2 (D. Me. Mar. 13, 2003).

The plaintiff does not address Social Security Ruling 12-2p,[4] which deals specifically with fibromyalgia, unlike Social Security Ruling 96-7p, which deals generally with assessing credibility. *See* Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2014) at 133-42; Social Security Ruling 12-2p ("SSR 12-2p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2014) at 460-68. The defendant states that, where there is a medically determinable impairment of fibromyalgia, "[t]he ALJ should give attention to factors relating to credibility." Opposition at 4.

---

No. 1:14-cv-68-JHR, 2015 WL 1757152, at *3 (D. Me. Apr. 17, 2015), and cases cited therein. Here, the administrative law judge did not even find the fibromyalgia to be a severe impairment.

[4] At oral argument, the plaintiff's attorney repeatedly referred to *Da Rosa v. Secretary of Health & Human Servs.,* 803 F.2d 24 (1st Cir. 1986), a case decided more than 25 years before SSR 12-2p, as authority for his position. SSR 12-2p has modified the general precepts for evaluating credibility set forth in *Da Rosa* for claims based on fibromyalgia.

It is not entirely clear that the portion of SSR 12-2p cited in this regard is applicable at Step 2, before an administrative law judge has found fibromyalgia to be a severe impairment, but the Ruling does say the following, in response to the question "How do we consider [fibromyalgia] in the sequential evaluation process?":

> B. At step 2, we consider whether the person has a "severe" [medically determinable impairment]. If we find that the person has [a medically determinable impairment] that could reasonably be expected to produce the pain or other symptoms the person alleges, we will consider those symptom(s) in deciding whether the person's impairment(s) is severe. If the person's pain or other symptoms cause a limitation or restriction that had more than a minimal effect on the ability to perform basic work activities, we will find that the person has a severe impairment.

SSR 12-2p at 466.

The footnote to this subparagraph references Social Security Ruling 96-3p, *id*., which deals with consideration of allegations of pain at Step 2, again a more specific guide for the circumstances present here than that provided by SSR 96-7p. SSR 96-3p states that, once a relationship between the medically determinable impairment and the alleged symptoms is established, "the intensity, persistence, and limiting effects of the symptom(s) must be considered." Social Security Ruling 96-3p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2014) at 117. It is not clear whether these factors may be evaluated based only upon medical evidence, or whether the claimant's testimony must also be evaluated.

The plaintiff's attorney also pressed at oral argument a contention that the administrative law judge's failure to discuss the plaintiff's demeanor while testifying at the hearing was an error requiring remand. This argument was not raised in the Itemized Statement and thus has been waived, but it is worth noting that the attorney cited no authority in support of this new argument.

At oral argument, counsel for the commissioner conceded that credibility must be evaluated by an administrative law judge at Step 2, if fibromyalgia is at issue. Here, the administrative law

judge did evaluate the plaintiff's credibility.  He noted that Dr. Hall, the testifying medical expert, pointed out that physical examinations by the plaintiff's treating providers after her diagnosis of fibromyalgia "10 years ago" "regularly failed to describe pain avoidance or comparable manifestations," and he found this testimony to be "consistent with the objective record as referenced above."  Record at 14.  The administrative law judge also noted inconsistencies in the medical record between the treatment and the statements made by the plaintiff to her treating professionals and her current alleged symptoms.  *Id.*  Finally, the administrative law judge also found that "[t]he longitudinal objective medical evidence, when considered in light of the claimant's daily activities and inconsistencies in the record, fails to substantiate the extreme level of physical incapacity that she asserts."  *Id*. at 17.

The administrative law judge's discussion of the claimant's credibility, as required at Step 2 when fibromyalgia is the alleged impairment, is sufficient.

## II.   Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.  In light of my affirmance of the commissioner's decision at Step 2, I do not reach his alternative finding at Step 4.

Dated this 26th day of June, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge